# IN THE U.S. DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Amber Dawn Brown** | * | |
| **8410 Riggin Road** | | |
| **Mardela Springs, Maryland 21837** | * | |
| | * | |
| **Johnna Hopkins** | * | |
| **8 Ivy Lane** | | |
| **Berlin, Maryland 21811** | * | |
| | | |
| ***On behalf of themselves and*** | * | |
| ***others similarly situated*** | | |
| | * | |
| **Plaintiffs** | | |
| | * | |
| **v.** | | **Case No. _____** |
| | * | **JURY TRIAL REQUEST** |
| **OC Jewish Deli and Diner, LLC** | | |
| **22 Goldeneye Court** | * | |
| **Berlin, Maryland 21811** | | |
| | * | |
| **Warren Steven Rosenfeld** | | |
| **22 Goldeneye Court** | * | |
| **Berlin, Maryland 21811** | | |
| | * | |
| **Defendants** | | |

_____ /

## COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT AND CLASS ACTION COMPLAINT

Plaintiffs, Amber Dawn Brown and Johnna Hopkins, on behalf of themselves and others

similarly situated, by and through undersigned counsel, state a collective action complaint against

Defendants OC Jewish Deli and Diner, LLC, and Warren Steven Rosenfeld, ("Defendants"),

pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and further state a

putative class action against Defendants, pursuant to Fed.R.Civ.P. 23, alleging supplemental state

law claims under the Maryland's Wage and Hour Law, Md. Code Ann., Lab. & Empl. 3-401 *et*

*seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. &

Empl. 3-501 *et seq.* ("MWPCL"), and demands a jury trial, as follows:

## Introduction

1.     This is a collective action for unpaid overtime wages, liquidated damages, and other relief provided by the FLSA, 29 U.S.C. § 201 *et seq.*, and a putative class action alleging supplemental state law claims under the MWHL, Md. Code Ann., Lab. & Empl. 3-401 *et seq.*, and the MWPCL, Md. Code Ann., Lab. & Empl. 3-501 *et seq.*

2.     Plaintiffs seek on behalf of themselves and others similarly situated, in addition to the actual sums owed, liquidated and statutory damages pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the under the FLSA, MWHL, and MWCPL.

## Jurisdiction and Venue

3.     This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, and 28 U.S.C. § 1331.

4.     This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

5.     Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district and the events giving rise to these claims occurred in this judicial district.

## Parties

6.     Defendant OC Jewish Deli and Diner, LLC ("OC Jewish Deli") is a corporation formed in the State of Maryland to engage in the operation of a restaurant and related activities.  Defendant Warren Steven Rosenfeld ("Rosenfeld"), owns and operates

Rosenfeld's Jewish Delicatessen, which has locations at 6301 Coastal Highway, Ocean City, Maryland 21811, 5485 Airport Terminal Road, Salisbury, Maryland 21804, and 18949 Coastal Highway, Rehoboth Beach, Delaware, 19971.

7. At all times material herein, Defendant OC Jewish Deli had an annual gross volume of sales made or business done in an amount exceeding $500,000.00.

8. At all times material herein, Defendant OC Jewish Deli has employed at least two or more employees who are engaged in commerce, and who produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA.

9. For instance, there are employees of the Defendants who negotiate and purchase food from producers and suppliers who operate in interstate commerce.

10. There are employees who, like Plaintiffs, cook, serve, and otherwise handle this food, as well as the beverages, that cross interstate and even international boundaries.

11. There are employees who regularly use wire and electronic means of communicating interstate, who also regularly sell food and beverages that have moved in interstate commerce and who regularly process credit card transactions for customer payments.

12. There are employees who use, in Defendants' restaurant, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce.

13. Additionally, Defendant Rosenfeld operates multiple restaurants under the "Rosenfeld's Jewish Delicatessen" name across state lines, with locations in Ocean City, Maryland, Salisbury, Maryland, and Rehoboth Beach, Delaware.

14. These restaurants regularly interact and conduct business with each other in interstate

commerce.  For example, the restaurants located in Ocean City, Maryland and Rehoboth Beach, Delaware share the same restaurant and catering menus.  The restaurants located in Ocean City, Maryland, Rehoboth Beach, Delaware, and Salisbury, Maryland all share a website, including the same online application for employment.

15.   Accordingly, subject matter jurisdiction exists because the Plaintiffs were employed by Defendant OC Jewish Deli, a covered entity, satisfying the enterprise coverage provisions under the FLSA.

16.   Defendant OC Jewish Deli also satisfies the coverage provisions of the MWHL.

17.   As a covered enterprise, Defendant OC Jewish Deli has at all material times been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.

18.   Defendant Rosenfeld is the owner of Defendant OC Jewish Deli and all of its restaurants, including the restaurant in Rehoboth Beach, Delaware.

19.   Defendant Rosenfeld has complete operational control of Defendant OC Jewish Deli. Upon information and belief, Rosenfeld maintains custody and control of Defendant OC Jewish Deli's business records and is responsible for maintaining those records, such as payroll records.

20.   Additionally, upon information and belief, for all times material to this case, Defendant Rosenfeld was, and continues to be, aware of operational issues throughout the restaurant, and is knowledgeable of Defendant OC Jewish Deli's past and present employment practices and policies.

21.   Upon information and belief, for all times material to this case, Defendant Rosenfeld possessed and continued to possess the authority and discretion to fix, adjust and

determine hours worked and amounts paid with respect to employees at Defendant OC Jewish Deli, including Plaintiffs, and possessed the ability to hire employees and have employees terminated.

22.   Upon information and belief, Defendant Rosenfeld received and continued to receive income from Defendant OC Jewish Diner and has been enriched by the failure of the Defendants to properly pay their workers.

23.   At all times material herein, Defendant Rosenfeld has been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.  Defendant Rosenfeld is jointly and individually liable for damages to the Plaintiffs, under the FLSA, MWHL, and MWPCL.

24.   As set forth below, Plaintiffs, on behalf of themselves and others similarly situated, seek unpaid overtime wages in amounts to be determined based on the evidence, as well as liquidated and statutory damages, pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the FLSA, MWHL, and MWCPL.

25.   There exists more than seventy-five (75) restaurant employees of Defendants at OC Jewish Deli's, who have worked for Defendants in the last three years as restaurant employees within  the State of Maryland, and who have not received overtime wages, including overtime wages at the proper rate.

26.   Plaintiffs, and other similarly situated restaurant employees, who received hourly pay, were not exempt under the FLSA and MWHL's overtime requirements.

27.   By failing to pay the statutory overtime that was due to Plaintiffs, and other similarly situated employees, Defendants willfully violated very clear and well-established

overtime provisions of the FLSA.  Plaintiffs further allege that Defendants violated the overtime provisions of the MWHL with respect to putative class members working in the State of Maryland.  In addition to actual sums owed, Plaintiffs, on behalf of themselves and other similarly situated employees, seek liquidated (statutory) damages pursuant to the FLSA, prejudgment interest on all amounts owed under the MWHL, three times the overtime owed under the MWHL pursuant to the statutory damage provisions of the MWHL and MWPCL, and attorneys' fees and costs as provided under the FLSA, the MWHL, and the MWPCL.

### Factual Allegations

#### Amber Brown

28.   For all times pertinent to this lawsuit, Plaintiff Brown worked for the Defendants as a kitchen manager at Defendants' restaurant, Rosenfeld's Jewish Delicatessen, at the 6301 Coastal Highway, Ocean City, Maryland 21842 location.

29.   Plaintiff Brown was employed from approximately April 2013 until November 2017.

30.   Within the three (3) years preceding the filing of this lawsuit, Plaintiff Brown worked as a kitchen manager, whose responsibilities included opening the restaurant, preparing the restaurant for the day, overseeing the deli, handling inventory, working with catering orders, preparing the food truck, closing the restaurant and deli, and overseeing other staff.

31.   Plaintiff Brown did not have the power to hire or fire employees, and did not have the authority to discipline employees.

32.   During the three (3) years preceding the filing of this lawsuit, Plaintiff Brown was paid at rate of $16/hour.

33.   For the entire time Plaintiff Brown worked for Defendants, she was non-exempt from the overtime provisions of the FLSA and MWHL.

34.   While employed by Defendants, Plaintiff Brown worked between 5 and 7 days a week for at least eight (8) hours per day.

35.   During the off-season, from October, 2016 to about March, 2017, she would work approximately fifty (50) hours per work week.

36.   During the busy, summer season, from April, 2017 to about September, 2017, she would work approximately sixty (60) to seventy (70) hours per work week.

37.   Once again, from October, 2017 until her separation of employment in November, 2017, she worked approximately fifty (50) hours per work week.

38.   Although Plaintiff Brown routinely worked in excess of forty (40) hours per work week, she was never paid the overtime wage of $24.00 per hour for each overtime hour worked.

39.   When Plaintiff Brown asked Defendant Rosenfeld about why she was not receiving overtime pay.  Defendant Rosenfeld simply replied that he could not afford to pay her at the overtime rate.

40.   Upon information and belief, Defendants maintained a practice and policy of not paying employees overtime wages and paid employees at their straight wage or an incorrect and inadequate overtime wage for all hours worked in excess of forty (40) hours per week.

41.   Defendants have therefore violated the FLSA, the MWHL, and MWPCL insofar as they failed to properly pay Plaintiff Brown, and other similarly situated employees, overtime when they worked over forty (40) hours per week, in the amount of 1½ times

their regular rate of pay, for overtime hours worked in excess of forty (40) hours per week.

42.  By failing to pay the overtime wages due to Plaintiff Brown, and other similarly situated employees, Defendants willfully violated very clear and well-established overtime wage provisions of the FLSA and MWHL.

<u>Johnna Hopkins</u>

43.  For all times pertinent to this lawsuit, Plaintiff Hopkins worked for the Defendants as an assistant manager at Defendants' restaurant, Rosenfeld's Jewish Delicatessen, at the 6301 Coastal Highway, Ocean City, Maryland 21842 location.

44.  Plaintiff Hopkins was employed from approximately February 2015 until May 2017.

45.  Within the three (3) years preceding the filing of this lawsuit, Plaintiff Hopkins worked as an assistant manager, whose responsibilities included preparing the restaurant for the day, closing the restaurant, and overseeing other staff members.

46.  Plaintiff Hopkins did not have the power to hire or fire employees.

47.  During the three (3) years preceding the filing of this lawsuit, Plaintiff Hopkins was paid at rate of $15/hour.

48.  For the entire time Plaintiff Hopkins worked for Defendants, she was non-exempt from the overtime provisions of the FLSA and MWHL.

49.  While employed by Defendants, Plaintiff Hopkins worked five (5) days a week for at least eight (8) hours per day.

50.  During the off-season, from October 2016 until April 2017, she would work approximately forty (40) hours per work week, and would occasionally work in excess of that.

51.     During the busy, summer season, from April, 2017 to the end of her employment in May of 2017, she would work approximately seventy (70) hours per work week.

52.     Although Plaintiff Hopkins routinely worked in excess of forty (40) hours per work week, she was never paid the overtime wage of $22.50 per hour for each overtime hour worked.

53.     Upon information and belief, Defendants maintained a practice and policy of not paying employees overtime wages and paid employees at their straight wage or an incorrect and inadequate overtime wage for all hours worked in excess of forty (40) hours per week.

54.     Defendants have therefore violated the FLSA, the MWHL, and MWPCL insofar as they failed to properly pay Plaintiff Hopkins, and other similarly situated employees, overtime when they worked over forty (40) hours per week, in the amount of 1½ times their regular rate of pay, for overtime hours worked in excess of forty (40) hours per week.

55.     By failing to pay the overtime wages due to Plaintiff Hopkins, and other similarly situated employees, Defendants willfully violated very clear and well-established overtime wage provisions of the FLSA and MWHL.

## Class Allegations

56.     Plaintiffs seek to represent two distinct classes: (A) one FLSA Class (Count I); and (B) one Maryland class (Counts II-III).

      A. The "FLSA Class" (Count I) consists of all persons who performed any work at any OC Jewish Deli (Maryland and/or Delaware) at any time during the period beginning three (3) years from the date of commencement of this

lawsuit through the date of class certification, and who performed work in excess of forty (40) hours per week;

B. The "Maryland Class" (Counts II-III) consists of all persons who performed any work at OC Jewish Deli's restaurants in Maryland, including but not limited to the restaurants located in Ocean City, Maryland and Salisbury, Maryland, at any time during the period beginning three (3) years from the date of commencement of this lawsuit through the date of class certification, and who were paid by the hour and who performed work in excess of forty (40) hours per week;

C. Excluded from the FLSA Class or the Maryland Class are bona fide owners, officers and directors of Defendant OC Jewish Deli.

57.  There are questions of fact and law common to all classes ("opt in" and Rule 23 opt-out), including but not limited to:

A. Whether Defendants failed to properly calculate overtime for proposed Class Members when employees worked more than forty (40) hours in a statutory workweek.

B. Whether Defendants violated MWHL, Md. Ann Code LE art. § 3-415, by requiring proposed Class Members to work over forty (40) hours in a workweek without proper payment.

C. Whether there is a genuine bona fide dispute as to the unpaid wages claimed by the proposed Class Members, thus rendering Defendants liable to Plaintiff and the proposed Class Members for statutory damages under the MWPCL, Md. Ann Code LE art. § 3-501 et seq., and if there is a lack of a bona fide

dispute, whether Plaintiff and proposed Class Members are entitled to receive statutory enhancements in addition to unpaid wages/deductions.

58.   The claims of Plaintiffs are typical of the classes they seek to represent.  Moreover, the questions of fact and law common to Class Members predominate over any questions affecting only individual members, as all Class members are current or former employees who were not properly paid overtime wages.  Individual issues will relate solely to the quantum of relief due to the individual Class Members.  Upon information and belief, Plaintiffs believe that the potential Class Members number at least seventy-five (75).  The proposed classes are easily ascertainable as the number and identities of the Class Members are readily determinable from employee and payroll records that the Defendants maintain.

59.   Plaintiffs will fairly and adequately protect the interests of the Classes.  The interests of the named Plaintiffs are consistent with, and not antagonistic to, those of the class.

60.   The named Plaintiffs are represented by competent counsel who are experienced in complex FLSA litigation.  Counsel is licensed to practice in Maryland and have been admitted to practice before the U.S. District Court of the District of Maryland.

61.   A hybrid class/collective action is superior to other available methods for the fair and efficient adjudication of this controversy, and is consistent with the legislative history of the FLSA.  Class action treatment will permit a large number of similarly situated persons to receive notice and prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that number individual actions engender.

62.   Maintenance of this action as a hybrid class/collective action would promote the

equitable administration of justice because pursuing claims on an individual basis would be disproportionately expensive.

63.     The prosecution of separate claims by individual Class Members would create a risk of inconsistent or varying adjudications with respect to the individual members of that class that would establish incompatible standards of conduct for Defendants.

## Causes of Action

### COUNT I
**(FLSA - Failure to Pay Overtime)**

64.     Plaintiffs incorporate paragraphs 1-63 as set forth above, and states that Defendants' actions complained of herein constitute a willful violation of Section 207(a)(1) of the FLSA, because Defendants—in the three (3) years preceding the filing of this lawsuit—have willfully failed and otherwise refused to compensate the Plaintiffs, and other similarly situated employees, for hours in excess of forty (40) hours in a work week at a rate of not less than one and one-half (1.5) times their regular rate of pay as required by Federal law and Federal regulations and that Plaintiffs, and others similarly situated, were entitled to receive as their regular rate of pay with Defendants.

65.     As a result, Plaintiffs, and other similarly situated employees, have the legal right to receive the full overtime wage, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

### COUNT II
**(MWHL - Failure to Properly Pay Overtime)**

66.     Plaintiffs incorporates paragraphs 1-65 as set forth above, and state, in addition, that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE Art. § 3-420 (overtime) because Defendants have, at all material times, failed and

otherwise refused to compensate Plaintiffs, and other similarly situated employees, for all hours worked in excess of forty (40) hours a work week at a rate of not less than one and one-half (1.5) times their regular rate of pay, as computed under Md. Ann. Code LE Art. § 3-420.

67.     Defendants' actions complained of herein constitute a violation of Section 3-415 of the MWHL, because Defendants failed to compensate Plaintiffs, and other similarly situated employees, at a proper overtime rate for hours worked in excess of forty (40) in a work week at a rate not less than one and one-half times their regular rate of pay, as required by Maryland law.

68.     As a result, Defendants owe Plaintiffs, and other similarly situated employees, overtime wages in the amount of one and one-half (1.5) times their regular rate of pay, for all work weeks they worked in excess of forty (40) hours per week.

## COUNT III
### (MWPCL Act – Unpaid Wages)

69.     Plaintiffs incorporate paragraphs 1-68 as set forth above, and state that the actions of Defendants, in refusing to pay wages free and clear that are due without coercion and intimidation, is a violation of the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a).

70.     That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay overtime compensation as applicable under the MWHL.

71.     That impliedly, by operation of law, Plaintiffs, and other similarly situated employees, were entitled to be paid overtime wages by Defendants under the MWHL, which have not been paid following the cessation of the term of employment for Plaintiffs, and other similarly situated employees.

72.     That there are no bona fide disputes between the parties as to the right of Plaintiffs, and other similarly situated employees, to be paid all overtime due arising from their employment.  Defendants know, or should know, that they are covered entities under the MWHL, and that Plaintiffs, and other similarly situated employees, performed work as employees for which they was not properly compensated.

73.     Plaintiffs, and other similarly situated employees, are thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to their wages, i.e. the MWHL-mandated wages that have gone unpaid.

### Prayer

Based on the foregoing allegations, Plaintiffs respectfully request that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorneys' fees and costs; and in support thereof, request this Honorable Court to issue the following Orders:

(a) Certify this action as a collective action pursuant to 29 U.S.C. § 216(b), and (i) compel Defendants to provide all material contact information, including email addresses and phone numbers, for potential opt-in Plaintiffs who performed work as employees of OC Jewish Deli; (ii) issue appropriate Notices as requested in Plaintiffs' Motion for Conditional Certification; (iii) supervise the maintenance of this FLSA collective action; and (iv) supervise and enter appropriate orders allowing this matter to be tried as an FLSA collective action;

(b) Certify the claims under the MWHL and the MWCPL as set forth in Counts II-III as class actions (Maryland Classes) pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(c) Order Defendants to pay Plaintiffs (and all similarly situated employees of Defendants

who file an opt-in notice in this litigation and proposed Maryland Class Members who fail to opt-out of this litigation), all unpaid overtime wage payments determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as well as a sum of liquidated damages in an amount equal to the amount of any unpaid overtime wage payments awarded to Plaintiffs (and all similarly situated employees of Defendants who file an opt-in notice in this litigation and proposed Maryland Class Members who fail to opt-out of this litigation),  pursuant to the FLSA and MWHL;

(d) Order Defendants to pay the Plaintiffs and the proposed Class Members all MWHL-mandated overtime wage payments determined by the Court to be due and owing to Plaintiffs and the proposed Class Members under the MWHL as well as treble damages under the MWPCL;

(e) Award Plaintiffs and the proposed Class Members their attorneys' fees and costs in pursuing this action;

(f) Award Plaintiffs and the proposed Class Members interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(g) Grant Plaintiffs and the proposed Class Members any additional relief that the Court deems appropriate and just.

Respectfully submitted,

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.
Federal Bar No. 25965

*/s/* (with permission)
Scott E. Kraff, Esq.
Federal Bar No. 20899

*/s/* (with permission)
Jordan S. Liew
Federal Bar No. 20509
HOFFMAN EMPLOYMENT LAW, LLC
600 Jefferson Plaza, Suite 204
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)

*Attorneys for Plaintiffs*

## Jury Demand

The Plaintiffs, by their attorneys, hereby demand a jury trial as to all issues triable by a

jury.

*/s/ Howard B. Hoffman*
Howard B. Hoffman